FILED
United States Court of Appeals
Tenth Circuit

December 4, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:

JEFFERY W. POTTER,

      Debtor.

LOS ALAMOS NATIONAL BANK,

      Plaintiff-Appellee,

v.

MARTIN S. FRIEDLANDER,

      Defendant-Appellant.

No. 09-2036
(D.C. No. 6:07-CV-00414-BB-LAM)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **ANDERSON**, and **EBEL**, Circuit Judges.

Martin S. Friedlander appeals pro se from a district court order that

affirmed bankruptcy court rulings in an adversary proceeding brought by Los

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Alamos National Bank (LANB). We have jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291, and we AFFIRM.

## BACKGROUND

In 2003, Jeffery W. Potter retained Mr. Friedlander, a California attorney, for legal work, including the formation of a trust to hold Mr. Potter's assets. The assets transferred to the trust included Mr. Potter's New Mexico real property, which was encumbered by a mortgage held by LANB. Mr. Friedlander also negotiated an agreement between Mr. Potter and LANB that restructured his debt and granted LANB a security interest in the proceeds from the real property's sale. The sale proceeds were held by Rio Grand Title Company pursuant to an escrow agreement.

In May 2005, Mr. Potter filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the District of New Mexico. Therein, Mr. Friedlander claimed to be a "very large creditor of Mr. Potter," and argued that he had an attorney's lien on the real-property sale proceeds that was superior to LANB's interest. Aplt. App., Vol. 1 at 123-24.

In July 2005, LANB initiated an adversary proceeding, asserting priority to the sale proceeds and seeking a determination whether Mr. Friedlander had a valid attorney's lien in the proceeds. In a series of decisions culminating in summary judgment, the bankruptcy court ruled that it had personal jurisdiction over Mr. Friedlander, that it would not abstain from adjudicating the adversary

proceeding in favor of an ongoing state-court case, that it was not required to recuse because a former law clerk's father was a creditor in the bankruptcy proceeding and a party in a related adversary proceeding, that the adversary proceeding was within the bankruptcy court's core jurisdiction, that Mr. Friedlander did not have an attorney's lien against the sale proceeds, and that the title company must disburse the sale proceeds to LANB.

Mr. Friedlander unsuccessfully sought reconsideration, and then appealed to the district court. There, the matter was referred to a magistrate judge, who recommended affirming the bankruptcy court. The district court reviewed the appeal de novo and denied it. Mr. Friedlander now appeals to this court.

## DISCUSSION

"Where a district court acts in its capacity as a bankruptcy appellate court, we review the bankruptcy court's decision independently." *Paul v. Iglehart (In re Paul)*, 534 F.3d 1303, 1310 (10th Cir. 2008) (quotation omitted). Accordingly, "we directly review the bankruptcy court's legal conclusions de novo and its underlying factual findings for clear error." *Id.* But "we may look to [the district court] to inform our review of the result reached by the bankruptcy court." *Id.* A bankruptcy court's grant of summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *see Hollytex Carpet Mills,*

*Inc. v. Okla. Employment Sec. Comm'n (In re Hollytex Carpet Mills, Inc.)*, 73 F.3d 1516, 1518 (10th Cir. 1996).

When the district court denied Mr. Friedlander's appeal, it commented that its review was hampered by Mr. Friedlander's "scandalous and scurrilous attacks on virtually all who have participated" and his failure to "provide[ ] relevant legal authority on . . . the merits of his claims." Aplt. App., Vol. 1 at 4, 9. On appeal to this court, Mr. Friedlander pursues a similar approach.

His forty-five page appellate brief is replete with irrelevant matters, such as a request that we judicially notice that "corruption was a primary cause of the collapse of the US [sic] economy," which "includ[ed] the fact that Governor Richardson withdrew his nomination for Secretary of Commerce due to an ongoing Grand Jury Investigation of alleged 'pay for play' allegations against the Richardson administration." Aplt. Opening Br. at 9. There are also numerous charges of ethical and criminal misconduct against the attorneys and judges who have been involved in these proceedings. *See, e.g.*, *id.* at 10 (comparing the bankruptcy judge to former Senator Joe McCarthy); *id.* (stating that the district judge who decided the initial appeal "wrongfully attempted to destroy [his] ethical character"); *id.* at 20 (asserting that he, Mr. Friedlander, had been "hometowned" by the bankruptcy judge, who knew the proceeding was a "charade" and was only "covering up for local counsel"); *id.* at 26 (stating that Mr. Potter's bankruptcy attorney "should have been referred to the State Bar and

. . . denied all fees and order[ed] to disgorge in full" because he abandoned Mr. Potter); *id.* at 29 (accusing the chief district court judge of impropriety in handling Mr. Friedlander's mandamus petition, which sought to compel the bankruptcy court and trustee to refer Potter's attorneys to the U.S. Attorney); *id.* at 30 (accusing the magistrate judge of "*ultra virus* [sic] acts which violated the orders appointing her and the United States Code and the Federal Rules of Civil Procedure").

In the midst of these accusations, Mr. Friedlander's appellate arguments are not at all apparent. Nor are there citations to supporting legal authorities that would enable us to discern his appellate arguments. We "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Moreover, "issues will be deemed waived if they are not adequately briefed." *Utahns for Better Transp. v. United States Dep't of Transp.*, 305 F.3d 1152, 1175 (10th Cir. 2002).

Nevertheless, we have considered the bankruptcy court's rulings in light of Mr. Friedlander's briefs, the appendix, and LANB's answer brief, and we conclude that error has not been demonstrated.

## CONCLUSION

Accordingly, for substantially the same reasons set out in the district court's January 23, 2009 memorandum opinion, the judgment of the United States District Court for the District of New Mexico is AFFIRMED. Mr. Friedlander's motions to augment the record are DENIED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge